## IN THE TAX COURT OF THE STATE OF OREGON

### Roy MILLER
*v.*

### DEPARTMENT OF REVENUE
*and*

### DESCHUTES COUNTY ASSESSOR,
*Intervenor*

(TC 3934)

Plaintiff (taxpayer) appeared *pro se.*

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Bruce W. White, of counsel, Deschutes County, represented intervenor.

Decision rendered April 22, 1997.

## CARL N. BYERS, Judge.

Taxpayer appeals a $40 water improvement district charge which was certified to the assessor for collection with taxpayer's property taxes. Taxpayer claims the charge is invalid. Taxpayer also claims that, if the charge is valid, he is entitled to obtain a property tax discount without paying the $40 charge. The department declined to cancel the charge or segregate it from other taxes due on taxpayer's property.

## FACTS

Taxpayer owns three separate tax lots in Deschutes County within the boundaries of the Water Wonderland Improvement District (WWID). WWID is incorporated under ORS 554.005 to ORS 554.340[1] as a public nonprofit corporation. Upon certification by WWID, the Deschutes County Assessor entered a $40 "capital charge" against two of taxpayer's properties (account nos. 137667 and 137697) for the 1994-95 tax year. The assessor entered another $40 capital charge against those two properties and account no. 137716 for the 1995-96 tax year. Taxpayer asserted that these charges are invalid and requested the assessor to cancel them. When the assessor refused to do so, taxpayer requested the assessor to segregate the $40 charges so taxpayer could pay just his property taxes and obtain the statutory three percent discount. The assessor refused to give taxpayer the three percent property tax discount unless he also paid the $40 charges. Finally, taxpayer requested the assessor to impose a similar $40 charge on other properties within the WWID which had not been assessed a $40 charge. The assessor refused to do any of the above, so taxpayer appealed to the department. After conducting an administrative hearing, the department ruled against taxpayer.

---

[1] All references to the Oregon Revised Statutes are to 1995.

## ISSUES

Taxpayer's claim presents two issues:

(1)   Is the $40 charge a "tax" within the jurisdiction of this court?

(2)   May taxpayer obtain a three percent discount if he pays his property taxes timely but does not pay the $40 charge?

## ISSUE NO. 1

■      Property taxes within the jurisdiction of this court are typically imposed ad valorem by taxing districts or governmental units under specific state statutes. The statutes determine what property is taxable or exempt and define the process and procedure by which taxes are imposed and collected.

■      The Oregon Supreme Court has held that WWID is not a governmental unit; therefore, any charges, fees, or assessments imposed by it are not property taxes within the definition of Article XI, section 11b, of the Oregon Constitution. *See Comeaux v. Water Wonderland Improvement Dist.*, 315 Or 562, 847 P2d 841 (1993). Similarly, the $40 charge is not a property tax imposed under ORS chapters 308 through 310. The court therefore finds that the $40 charge is not a property tax within the jurisdiction of the court.

WWID is not a governmental unit, but a public non-profit corporation created under ORS chapter 554. Although it is authorized to impose rates, tolls, fees, fines, and charges to maintain the corporation or for the use of water, it is not a taxing district. WWID is authorized to impose assessments "for any purpose," ORS 554.130(1), but such assessments are not necessarily ad valorem. The assessments are defined by the district's bylaws or other documents, not by state statutes. Also, their entire governance, except with regard to collection, is determined by the corporation, not by any state statute.

As an alternative method of collection, ORS 554.130(3) authorizes the district's board of directors to certify its assessments to the assessor, stating:

"The assessments shall thereupon be collected by the assessor or tax collector, whoever has possession of the roll, and paid over to the treasurer of the nonprofit corporation as other taxes are certified, assessed, collected, and paid over."

The words "other taxes" suggest that the legislature may have considered such assessments to be property taxes. However, this suggestion is not strong enough to overcome the nature of the organization and the character of the assessments. WWID is not a governmental unit and its charges are not imposed ad valorem under state statute. The court therefore concludes that WWID's assessments are similar to a tax, but they are not a tax. Although the legislature has made provisions for collecting such assessments along with property taxes, the procedures do not convert them into taxes.

## ISSUE NO. 2

Can the assessor refuse to segregate the $40 charge from property taxes for purposes of allowing taxpayer the three percent discount?

■■ ORS 311.505(3) provides that a taxpayer shall be given a three percent discount if all of his property taxes are paid by November 15 of the current tax year. The statute defines "taxes" as "all taxes on property as defined in ORS 310.140 and certified to the assessor under ORS 310.060." ORS 311.505(4). Although WWID's assessments may be certified to the assessor under ORS 310.060(4),[2] they do not come within the definition of taxes in ORS 310.140.[3] That statute implements Article XI, section 11b, of the Oregon

---

[2] ORS 310.060(4) provides that "[f]or any district authorized by law to place any other fees, charges, assessments or tolls on the assessment and tax roll, the notice [of levy] shall state the total amount of money to be raised on a property by property basis."

[3] ORS 310.140(1) states:

" 'Tax on property' means any tax, fee, charge or assessment imposed by any government unit upon property or upon a property owner as a direct consequence of ownership of that property, but does not include incurred charges or assessments for local improvements. As used in this subsection, 'property' means real or tangible personal property, and intangible property that is part of a unit of real or tangible personal property to the extent that such intangible property is subject to a tax on property."

Constitution, by defining "tax on property" in the same manner as section 11b. Because the Oregon Supreme Court determined in *Comeaux* that WWID is not a governmental unit, its assessments cannot be a "tax on property" within the definition of ORS 310.140. If it is not a tax, then no discount may be granted or allowed under ORS 311.505. If no discount may be allowed, then the assessor must segregate property taxes from WWID's assessments and allow taxpayer a discount for payment of such taxes if paid by November 15.

As previously mentioned, ORS 554.130(3) states that WWID's assessments are to be collected and paid over to WWID "as other taxes are certified, assessed, collected, and paid over." Again, this general direction does not change the nature of the charge. To obtain the discount, a charge must be defined as a tax within the specific language of ORS 310.140. ORS 554.130(3) may have implications with regard to administrative treatment of the assessments, such as whether payments must be applied first to principal or interest. However, these types of issues are governed by the statutory scheme and need not be addressed in this opinion. It is sufficient for this court to find that taxpayer was entitled to a three percent discount upon tendering to the assessor the amount owing for property taxes exclusive of WWID's $40 charges. The department's Opinion and Order Nos. 95-0087 and 95-4110 must be set aside. Judgment will be entered consistent with this opinion. Costs to neither party.